UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TENICIA L. HODGE,

        Plaintiff,                         Case No. 04-73981

vs.

                                         HONORABLE STEVEN D. PEPE

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## ORDER AWARDING FEES

Tenicia Hodge brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Commissioner denying her application for Disability Insurance Benefits under Title II, and Supplemental Social Security Income under Title XVI of the Social Security Act. This matter was referred for determination to the undersigned with consent of the parties pursuant to 28 U.S.C. §636(C).

Having prevailed in obtaining a remand under sentence four of 42 U.S.C. § 405(g), Plaintiff brought this motion for legal costs and attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412. For the reasons stated below, this Petition is GRANTED.

**A.**    **EAJA Legal Standard:**

The EAJA provides that

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

28 U.S.C. § 2412(d)(2)(A) includes "reasonable attorney fees" as part of the "fees." Although fees and costs incurred during Social Security administrative proceedings are excluded from the coverage of the EAJA, legal services relating to actions seeking judicial review of administrative rulings are compensable under the EAJA. *Reyes v. Secretary of Health and Human Services*, 807 F. Supp. 293, 297-98 (S.D.N.Y. 1992); *Berman v. Schweiker*, 531 F. Supp. 1149, 1153 (N.D. Ill. 1982), *aff'd*, 713 F.2d 1290 (7th Cir. 1983). A plaintiff who obtains a remand under sentence four of 42 U.S.C. § 405(g), as Plaintiff did in this case, is a "prevailing party" for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993).

In an action challenging the Commissioner's denial of Social Security benefits, the defendant carries the burden of proving that the denial of benefits was substantially justified so as to warrant denying plaintiff's request for attorney fees under the EAJA. *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991); *DeFrancesco on Behalf of DeFrancesco v. Sullivan*, 803 F. Supp. 1332, 1336 (N.D. Ill. 1992); *Williams v. Sullivan*, 775 F. Supp. 615, 618 (S.D.N.Y. 1991). The determination whether the position of the Commissioner of Health and Human Services is substantially justified is within the court's discretion, *Pierce v. Underwood*, 487 U.S. 552, 559 (1988). It depends on whether the agency's analysis of the claimant's case was adequate and its conclusions based upon that analysis reasonable. *See, e.g., Williams, supra; Reyes, supra,* at 298-300; *Rother v. Shalala*, 869 F. Supp. 899, 901 (D. Kan. 1994). In *Pierce v. Underwood*, 487 U.S. at 567-68, Justice Scalia, writing for himself and four other justices, refused to interpret "substantially justified" as meaning something more than merely reasonable. Rather, the term means only that the government's position is

> "justified in substance or in the main" – that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis both in law and

> fact" formulation adopted by . . . the vast majority of other Courts of Appeals that have addressed this issue. *See . . . Trident Marine Construction, Inc. V. District Engineer*, 766 F.2d 974, 980 (CA 6 1985) . . . .

487 U.S. at 565 (other circuit court citations omitted).

The Sixth Circuit has held that the "substantial justification" standard "is essentially one of reasonableness." The pertinent inquiry then is whether the position maintained by the Commissioner "had a reasonable basis in law and fact." *Kerr v. Heckler*, 575 F. Supp. 455, 457 (S.D. Ohio 1983)(citing *Wyandotte Savings Bank v. NLRB*, 682 F.2d 119, 120 (6th Cir. 1982)).

**B.     Analysis**

Plaintiff provided substantial objective and clinical diagnostic evidence of an underlying degenerative back problems at L4-L5 and L5-S1 confirming her diagnosis of a severe "underlying medical condition." As in most cases, there was no objective evidence of the pain itself. Thus, the case analysis hinged upon "whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain." Plaintiff's subjective evidence and extensive and relatively consistent treatment history were central to this analysis.

The ALJ had relied upon Plaintiff's activities of daily living in discounting her subjective complaints, saying that she had "reported her activities of daily living included cooking, washing dishes, doing the laundry, and taking care of her children. She also reported that she does the grocery shopping and occasionally shops for clothing." (R. 20).

In support of this conclusion ALJ Berk referred the reader to Plaintiff's disability application. Yet, while Plaintiff did indicate that she was responsible for completing these tasks, she also indicated that she did so only with pain, with assistance and often over a lengthy period of time with long breaks (R. 72-74), such as lying down for several morning and early afternoon

hours between taking her children to school and picking them up (R. 194), which was not discussed in the ALJ's decision.  As stated in the undersigned's opinion, it has long been held that a claimant "need not be bedridden or completely helpless in order to fall within the definition of 'disability.'" *Walston v. Gardner*, 381 F.2d 580, 585 (1967).  In her application Plaintiff also stated that she could not walk for longer than 2-3 minutes, climb more than 2-3 stairs, lift more than 3-5 pounds, sit without discomfort, cook without stopping to rest or shop without assistance and use of a "sit down cart" (R. 70-73).  Therefore, her daily activities as actually and accurately described in the record did not support the ALJ's credibility determination and the government has not carried the burden of proving that its contrary position was substantially justified.

Further, the ALJ erred in relying on the state evaluator's opinion that Plaintiff could do light work.  ALJ Berk found that Plaintiff could do light work and the state evaluator's opinion was the only one in the record to so conclude.  Yet, this report was over two years old and uninformed by the most recent objective and clinical data.  Therefore, while not as clear as the ALJ's unsupported credibility determination, the reliance on this evaluator's opinion was misplaced and the government has not carried the burden of proving that its contrary opinion and the denial of benefits was substantially justified.

Therefore, IT IS ORDERED: Plaintiff is awarded her legal costs and fees in the amount of $3,250 pursuant to 28 U.S.C. §2412.

SO ORDERED.

Dated: December 5, 2006　　　　　　　　　　　　s/Steven D. Pepe
Ann Arbor, Michigan　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Certificate of Service

I hereby certify that on December 5, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Janet L. Parker,AUSA, Norton J. Cohn, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Social Security Administration, Office of the Regional Counsel, 200 W. Adams, 30th. Floor, Chicago, IL 60606

　　　　　　　　　　　　　　　　　　s/ James P. Peltier
　　　　　　　　　　　　　　　　　　Courtroom Deputy Clerk
　　　　　　　　　　　　　　　　　　U.S. District Court
　　　　　　　　　　　　　　　　　　600 Church St.
　　　　　　　　　　　　　　　　　　Flint, MI 48502
　　　　　　　　　　　　　　　　　　810-341-7850
　　　　　　　　　　　　　　　　　　pete_peltier@mied.uscourts.gov